Slip Op. 11-13

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MCC EUROCHEM,<br><br>                              Plaintiff,<br><br>           v.<br><br>UNITED STATES,<br><br>                              Defendant. | Before:   Leo M. Gordon, Judge<br><br>Court No. 10-00260 |

**MEMORANDUM and ORDER**

[Defendant's partial motion to dismiss granted.]

Dated: February 4, 2011

   Squire Sanders & Dempsey, LLP (Peter J. Koenig, Christine J. Sohar Henter, Christopher A. Williams) for Plaintiff MCC Eurochem.

   Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David D'Alessandris, Trial Attorney); and Office of Chief Counsel, Department of Commerce (Shana Hofstetter), of counsel, for Defendant United States.

   Akin, Gump, Strauss, Hauer & Feld, LLP (Valerie A. Slater, Margaret C. Marsh) for Defendant-Intervenor Ad Hoc Committee of Domestic Nitrogen Producers.

   Gordon, Judge: Defendant moves pursuant to USCIT Rule 12(b)(5) to partially dismiss Plaintiff MCC Eurochem's ("Eurochem") complaint challenging the final results of the U.S. Department of Commerce's ("Commerce") administrative review covering solid urea from Russia during the July 1, 2008 through June 30, 2009 period of review. See Solid Urea from Russia, 75 Fed. Reg. 51,440 (Dep't of Commerce Aug. 20, 2010) (final results) and accompanying Issues and Decision Memorandum, A-821-801, AR 2008/09 (Aug. 13, 2010), available at http://ia.ita.doc.gov/frn/summary/russia/2010-

20750-1.pdf (last visited Feb. 4, 2011). Defendant's motion to dismiss is limited to Count 2 (¶ 11) of Eurochem's complaint, which challenges Commerce's "zeroing" methodology. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). For the reasons set forth below, the court grants Defendant's motion and dismisses Count 2 (¶ 11) of Plaintiff's complaint.

## Discussion

In deciding a USCIT Rule 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in the plaintiff's favor. Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991). In Count 2, Eurochem claims that "[t]he Final Results decision to zero was not supported by substantial evidence and not otherwise in accordance with law." Pl. Compl. ¶ 11, ECF No. 6. More specifically, Eurochem claims that Commerce's use of "zeroing" in the subject review constitutes an unreasonable application of the antidumping statute. Eurochem suggests that the legal landscape with respect to "zeroing" has fundamentally changed, which creates a novel legal issue distinguishable from prior decisions that have upheld Commerce's "zeroing" methodology. Pl. Resp. Br. 8, ECF No. 26. In particular, Eurochem argues that Commerce's use of "zeroing" in the current review is unlawful because it occurred after the effective date of the United States' change in policy and statutory interpretation regarding "zeroing" in investigations; after U.S. courts affirmed Commerce's new statutory interpretation and policy to eliminate "zeroing" in investigations; and after the United States' commitment to implement the World Trade Organization's Japan Zeroing

decision that rejected application of "zeroing" in administrative reviews. Pl. Resp. Br. 7. Eurochem argues that these events carry legal significance and establish the basis for a claim that Commerce's continued application of "zeroing" in administrative reviews, but not in investigations, is inconsistent with 19 U.S.C. § 1677(35). According to Eurochem, the U.S. Court of Appeals for the Federal Circuit has not "previously ruled on the question of whether construing section 1677(35) to have two different meanings in reviews and investigations is reasonable under prong II of Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984)." Pl. Resp. Br. 8.

Eurochem's arguments are unpersuasive. The Federal Circuit has consistently upheld the reasonableness of Commerce's practice of "zeroing" in administrative reviews. See Koyo Seiko Co. v. United States, 551 F.3d 1286 (Fed. Cir. 2008); SKF USA, Inc. v. United States, 537 F.3d 1373 (Fed. Cir. 2008); NSK Ltd. v. United States, 510 F.3d 1375 (Fed. Cir. 2007); Corus Staal BV v. United States, 502 F.3d 1370 (Fed. Cir. 2007); Timken Co. v. United States, 354 F.3d 1334 (Fed. Cir. 2004), cert. denied, Koyo Seiko Co. v. United States, 543 U.S. 976 (2004). The Federal Circuit has further denied petitions for rehearing and rehearing en banc in Koyo, NSK, and Timken.

With regard to the specific challenge presented here, the Federal Circuit and the Court of International Trade have already considered and rejected the same legal argument that Eurochem advances in this case. See SKF USA, Inc. v. United States, ___ F.3d ___, 2011 WL 73179 (Fed. Cir. Jan. 7, 2011) ("SKF"); Dongbu Steel Co. v. United States, 34 CIT ___, 677 F. Supp. 2d 1353 (2010) ("Dongbu"); Corus Staal BV v. United States, 32 CIT ___, 593 F. Supp. 2d 1373 (2008), aff'd without decision,

370 Fed. Appx. 111 (Fed. Cir. 2010). Eurochem concedes that Count 2 raises the same legal issue addressed in SKF and Dongbu. Pl. Resp. Br. 4. ("In fact, two cases are currently pending appeal before the Federal Circuit challenging this exact same issue, which we are contesting.").

After briefing in this action was completed, the Federal Circuit issued its decision in SKF, which again sustained Commerce's practice of "zeroing" negative dumping margins in administrative reviews. See SKF, ___ F.3d at ___, 2011 WL 73179 at *8. As noted above, the appellants in SKF raised the same legal argument that Eurochem brings here. Brief for Appellants at *32-*40, SKF, 2010 WL 894953; Reply Brief for Appellants at *17-*18, SKF, 2010 WL 2416207. The Federal Circuit, however, concluded that Commerce's practice of "zeroing" was reasonable and thereby rejected appellants' claim. SKF, ___ F.3d at ___, 2011 WL 73179, at *8. Likewise, in Dongbu, the Court of International Trade entertained the very same argument that Eurochem relies on in this action and, after a thorough examination of the issue, the court sustained Commerce's practice of "zeroing." See Dongbu, 34 CIT at ___, 677 F. Supp. 2d at 1362-66.

The Federal Circuit's decision in SKF constitutes controlling authority, and while Dongbu is not binding on the court, it is legally sound and consistent with Federal Circuit precedent. SKF and Dongbu make clear that Commerce's practice of "zeroing" in administrative reviews remains a reasonable application of the antidumping statute under the second step of Chevron.

Court No. 10-00260                                                                                        Page 5

## Conclusion

For these reasons, Eurochem cannot prevail on Count 2 (¶ 11) of its complaint. Accordingly, it is hereby

**ORDERED** that Defendant's partial motion to dismiss is granted; and it is further

**ORDERED** that Count 2 (¶ 11) of Eurochem's complaint is dismissed.


                                                               /s/ Leo M. Gordon
                                                            Judge Leo M. Gordon


Dated:  February 4, 2011
        New York, New York